UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.

    Plaintiff,

v.

SHABA, ET AL.

    Defendants.
_____/

Case No. 17-cv-11316

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#10]**

**I. INTRODUCTION**

    Pending before the Court is Plaintiff J & J Sports Productions, Inc.'s Motion for Default Judgment. This action arises from Plaintiff's allegation that Defendants Forbidden Fruits Hookah Bar, Inc., David Shaba, and Brandon Dabish illegally broadcasted a boxing match against federal law. Defendants have not responded to the Complaint or otherwise defended this action. Defendants have not opposed the Motion for Default Judgment. For the following reasons, the Court will grant Plaintiff's Motion.

## II. FACTUAL BACKGROUND

This action arises out of a pay-per-view boxing match between Floyd Mayweather, Jr. and Marcos Rene Maidana on May 3, 2014. Dkt. No 10, pg. 6 (Pg. ID 33). Plaintiff owned the distribution rights to the May 3 boxing match. *Id.* at pg. 7 (Pg. ID 34). According to the Plaintiff, Defendants unlawfully displayed the program without paying the required commercial license fee in violation of the Communications Act of 1934 and The Cable & Television Consumer Protection and Competition Act of 1992. *Id.* at pg. 8 (Pg. ID 35); Dkt. No. 1, pg. 1 (Pg. ID 1). Defendants allegedly displayed the program at the Forbidden Fruits Hookah Bar located in Shelby Township, Michigan. Dkt. No. 10, pg. 4 (Pg. ID 31).

Plaintiff filed a complaint against four defendants: Forbidden Fruits Hookah Bar, Inc., David Shaba, Brandon Dabish, and Awa Ayar on April 25, 2017. Dkt. No. 1. Plaintiff served Forbidden Fruits Hookah Bar, Inc., Mr. Shaba, and Mr. Dabish on May 7, 2017. Pl.'s Exs. 2–4. None of these Defendants responded to Plaintiff's Complaint. On June 7, 2017, the Clerk of Court entered a default as to Forbidden Fruits Hookah Bar, Mr. Shaba, and Mr. Dabish. Dkt. No. 9. On December 12, 2017, Plaintiff filed its Motion for Default Judgment. Dkt. No. 10. Plaintiff also voluntarily dismissed Awa Ayar as a defendant on that same day. Dkt. No. 11. None of the Defendants have opposed or otherwise responded to the Motion. In its Motion, Plaintiff claims damages in the amount of $3,000 for the

cost to legally display the program, and $1,930.90 in attorney's fees and costs. Dkt. No. 10, pg. 4 (Pg. ID 31).

### III. LEGAL STANDARD

The clerk of court must enter a default judgment [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). An entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)). Default "establishes the defendant's liability." *Id.* (citing *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 693 (1st Cir. 1993)). However, entry of a default does not establish damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The plaintiff must still establish damages. *Id.*

### IV. DISCUSSION

**Proof of Damages**

As stated above, a default judgment "establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d at 299. Therefore this Court finds Defendants liable under the Communications Act of 1934, 42 U.S.C. § 605, and The Cable &

Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. This Court will therefore only discuss the issue of damages.

The Communications Act of 1934 limits statutory damages to $10,000 for every violation. 47 U.S.C. § 605(3)(C)(i)(II). However, if the Court concludes that there was a willful violation, it may increase the award of damages by no more than $100,000. 47 U.S.C. § 605(3)(C)(ii). The Communications Act also states that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(3)(B)(iii).

The Cable & Television Consumer Protection and Competition Act of 1992 limits statutory damages to $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). But if the Court concludes that there was a willful violation, it may increase the award of damages by no more than $50,000. 47 U.S.C. § 553 (c)(3)(B). The Cable & Television Consumer Protection and Competition Act also states that the court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553 (c)(2)(C).

This Court and courts within the Sixth Circuit have held that a defendant who is liable under both 47 U.S.C. § 553 and 47 U.S.C. § 605 may only recover under one section. *See J & J Sports Prods., Inc. v. SJV Invs.*, No. 16-cv-12271, 2017 WL 218079, at *2 (E.D. Mich. Jan. 19, 2017); *J & J Sports Prods., Inc. v.*

*Palumbo*, No. 4:12-cv-2091, 2012 WL 6861507, at *3 (N.D. Ohio Dec. 12, 2012); *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC,* No. 2:11-cv-377, 2011 WL 5389425, at *2 (S.D. Ohio Nov. 7, 2011). The injured party may choose between actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff requests statutory damages. Dkt. No. 10, p. 12 (Pg. ID 39). Plaintiff can recover statutory damages for each violation, and the total amount of recovery must be between $1,000 to $10,000 as determined by the Court. 47 U.S.C. § 605(e)(3)(C)(i)(II). However, where the court finds that the violation was committed "willfully and for the purposes of direct or indirect commercial advantage or private financial gain" the court can increase the award by the amount of $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii). Here, Plaintiff requests enhanced damages. Dkt. No. 10, pg. 13 (Pg. ID 40).

The Court finds that Plaintiff has shown willfulness and commercial advantage. Defendants broadcast the fight at a bar with approximately thirteen televisions, which all displayed the fighting event. *See* Dkt. No. 10-8, pg. 2 (Pg. ID 78). The bar was at half capacity on the night the fight was shown, with about 70 people out of a total 140 people that could fit inside. *Id.* at pg. 3 (Pg. ID 79). The Court finds that this is sufficient evidence to show that the violation was willful and done for the purpose of commercial advantage. *See Joe Hand Promotions, Inc. v. Pickett*, No. 5:15CV478, 2016 WL 3668162, at *5 (N.D. Ohio July 11, 2016)

(finding willfulness and commercial advantage where the locale was at capacity and the fight was displayed on all televisions there, despite the lack of a cover charge or advertising).

In this case, the cost of the program would have been $3,000.00 if Defendants had legally purchased the right to broadcast it. Dkt. No. 10-9, pg. 2 (Pg. ID 83). The Court determines that a total award of $6,000.00 is just. This amount takes into consideration both statutory and enhanced damages.

Plaintiff also requests $1,930.90 in attorney's fees and costs. Dkt. No. 10, pg. 4 (Pg. ID 31). Plaintiff submitted an invoice providing a billable rate of $245.00 per hour for a total of 5.60 billable hours and $558.90 in costs. Dkt. No. 10-10, pg. 2 (Pg. ID 85). Plaintiff also submitted the 2014 Economics of Law Practice in Michigan Report to prove that the rate of $245.00 per hour is reasonable. Dkt. No. 10-11, pg. 2 (Pg. ID 87). According to the Report, the median billable rate for all attorneys in 2013 was $245.00 per hour. *Id.* at pg. 7 (Pg. ID 92). The median billable rate for attorneys in Wayne County was $250.00 per hour. *Id.* at pg. 12 (Pg. ID 97). This Court has also previously held that $245.00 per hour was a reasonable rate. *J & J Sports Prods., Inc. v. SJV Invs.*, No. 16-cv-12271, 2017 WL 218079, at *2 (E.D. Mich. Jan. 19, 2017). Therefore, this Court finds that $245.00 is a reasonable rate. Accordingly, the Court finds that the requested attorney's fees and costs of $1,930.90 is reasonable.

## V. CONCLUSION

For the reasons discussed herein, the Court will grant Plaintiff's Motion for Default Judgment. Defendants should be jointly and severally liable to Plaintiff in the total amount of $ 7,930.90, which includes $6,000 in statutory and enhanced damages and $1,930.90 in attorney's fees.

SO ORDERED.

Dated:  January 9, 2018         /s/Gershwin A. Drain
                                GERSHWIN A. DRAIN
                                United States District Judge